**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JUNE ISSELHARDT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No: 16-1285** |
| | ) | |
| **O'FALLON COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 90** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, June Isselhardt, by and through her attorneys, Weilmuenster & Keck, P.C., and for her Complaint states as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under the First Amendment of the United States Constitution, 42 U.S.C. § 1983.

2. The Court has jurisdiction to hear and to adjudicate Count I stated herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

3. This Court has supplemental jurisdiction with respect to Count II arising under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the Southern District of Illinois.

## PARTIES

5. Plaintiff, June Isselhardt (hereinafter "Plaintiff") is an individual and resident of Shiloh, St. Clair County, Illinois.

6. Defendant, O'Fallon Community Consolidated School District No. 90, a corporation (hereinafter "School District"), is a body corporate and politic with its center of governmental operations in the City of O'Fallon, St. Clair County, Illinois.

## FACTUAL ALLEGATIONS

7. Plaintiff was an administrative assistant with O'Fallon Community Consolidated School District No. 90 in O'Fallon, Illinois for more than 11 years, until she was terminated on January 25, 2016.

8. Plaintiff's job performance was of such exceptional quality that the Illinois Association of School Boards named her the recipient of the annual Holly Jack Service Award on November 20, 2015. Each year, the Holly Jack Service Award is awarded to one school district secretary in the entire State of Illinois whose extraordinary work and service assists their local board of education.

9. On July 1, 2015 Carrie Hruby (hereinafter "Hruby") accepted the position of Superintendent of the School District. Although she was initially pleased with Hruby, Plaintiff became concerned with Hruby's job performance. Plaintiff went outside the chain of command to communicate her concerns to Becky Drury, an elected School District Board member. Plaintiff criticized the inefficient use of taxpayer resources during Hruby's tenure as superintendent to Becky Drury via email and oral conversations between July of 2015 and January 25, 2016.

10. Plaintiff criticized Hruby's handling of the School District's employee health insurance with the union. Hruby failed to disclose the caps on the employee's health insurance and because of this failure, the School District was forced to reopen negotiations with the union representing the School District employees. Aware that reopening the negotiations with the

union cost the District a substantial amount of time, resources, and money, Plaintiff alerted Becky Drury. However, Hruby deflected the blame for the payroll mistake onto the payroll clerk. Hruby counted the negotiation of the contract with the union as a success, and her oversight was an embarrassment.

11. Plaintiff criticized Hruby's overseeing of a Title I grant for disadvantaged students. Plaintiff and Hruby disagreed on whether the Title I grant funds had to be apportioned according to individual schools within the School District or whether the funds could be applied district wide. Plaintiff attended a seminar that explained Title I grant funds could be used for any disadvantaged student and eligibility was not dependent upon the particular school building where the student attended. Also, under the grant, a child could be considered "homeless" if the child's family was co-habitating in the home of another family. Hruby disagreed with Plaintiff's assertions, stating that by her calculation, there were only seven homeless children in the district. Plaintiff criticized Hruby's interpretation and application of the Title I grant to Becky Drury and said that Hruby was wrong, inflexible, and her decision was preventing the grant money from being used to get coats, shoes, and other items to children in need.

12. In May of 2015, Plaintiff noted her concerns with possible violations of the Illinois Open Meetings Act. 5 ILCS 120/1. John Wagnon became the School Board president in May of 2015 and he often worked from home. Plaintiff was alarmed by emails sent by Mr. Wagnon to members of the School Board. Several of Mr. Wagnon's emails were received by enough members of the School Board to constitute a majority of quorum in violation of the Open Meetings Act. Plaintiff alerted School Board President John Wagnon that his emails violated the Open Meetings Act.

13. On or about January 14, 2016, Defendant Carrie Hruby called the Plaintiff into her office for a meeting. During the meeting, Hruby confronted Plaintiff, stating that while she was searching for documentation related to negotiations with Trane, Hruby searched through Plaintiff's School District email account. Hruby confronted Plaintiff with approximately twenty emails with dates spanning the four previous years, which Hruby believed to be inappropriate and grounds for Plaintiff's termination. During the four year period from which the emails were selected, Plaintiff had sent and received approximately 48,640 emails. The emails contained Plaintiff's conversations with other District of O'Fallon employees, in which Hruby stated Plaintiff "reached out to [School] board members and bashed me." In fact, Plaintiff's emails contained conversations with former administrators, and with current School Board members in which Plaintiff was critical of Carrie Hruby's job performance and office behavior. Hruby informed Plaintiff that she should hand in her resignation. Further, Hruby told Plaintiff not to speak to anyone outside of her husband and lawyer and issued a "directive that this stay between the two of us."

14. On January 15, 2016, Hruby sent a letter to Plaintiff stating that "I directed you not to speak with anyone other than your spouse or your attorney, if any, about this matter. Instead, you promptly contacted [School] Board members against my specific directive." The letter further advised Plaintiff that the School Board would consider her dismissal at the January 19, 2016 meeting.

15. On January 25, 2016, the School Board passed a resolution terminating the Plaintiff's employment, based upon the recommendation of Hruby.

## COUNT I
## UNCONSTITUTIONAL PRIOR RESTRAINT OF SPEECH

16. By reference hereto, the Plaintiff incorporates paragraphs 7 through 15 of her complaint.

17. Defendant, via Hruby, issued a broad and indefinite prohibition on Plaintiff's free speech rights after discovering that Plaintiff was speaking with Becky Drury. Plaintiff's conversations with Becky Drury, a School Board member, were on matters of public concern, including, but not limited to: job performance of Hruby as District Superintendent, failure to properly adhere to guidelines of the Illinois Open Meetings Act, waste or misuse of District funds, and allegations of age discrimination. Plaintiff's right to speak out freely on these and other matters of public concern is protected by the First and Fourteenth Amendments to the U.S. Constitution.

18. Defendant's prohibition on Plaintiff from speaking to anybody outside of her husband and lawyer is an unconstitutional prior restraint on protected speech.

19. Such actions and decisions of the Defendant, individually, separately, and/or jointly, were taken in response to, in retaliation for, and in order to chill, Plaintiff's exercise of her constitutional and lawful right to speak out about matters of public concern, in violation of her rights under the First and Fourteenth Amendments of the U.S. Constitution.

20. Such actions and decisions of the Defendant, individually, separately, and/or jointly, were taken under color of law, and have deprived Plaintiff of her rights, privileges and immunities secured by the U.S. Constitution and laws in violation of 42 U.S.C. §1983. Liability and redress exist under 42 U.S.C. § 1983.

21. Such actions and decisions of the Defendant, as alleged herein, make the Defendant fully liable to the Plaintiff under 42 U.S.C. § 1983 based on the authority and actual decisions of the Defendant. In addition, such unlawful actions and decisions, as alleged herein, were based on the policymaking and final decision-making authority of the Defendant, O'Fallon Community Consolidated School District No. 90 and were based on the policy, custom, and practice of the O'Fallon Community Consolidated School District No. 90.

22. Such actions and decisions on the part of the Defendant, individually, separately, and/or jointly, as alleged herein, were done in a knowing, willful, reckless manner and in bad faith.

23. As a direct and proximate result of the Defendant's violation of 42 U.S.C. § 1983, by and through its agents, apparent agents, implied agents, servants and/or employees, the Plaintiff has suffered and will continue to suffer in the future actual damages in the form of lost wages, benefits, loss of earning capacity, loss of career opportunity, loss of seniority, cost of seeking alternative income, mental anguish, severe emotional and physical distress, anxiety, depression, humiliation and loss of enjoyment of life.

Wherefore, the Plaintiff, JUNE ISSELHARDT, prays judgment against the Defendant, O'Fallon Community Consolidated School District No. 90., in a sum reasonable and equitable and in excess of Seventy-five Thousand Dollars and 00/100 ($75,000.00), plus her attorneys' fees and costs and for any other and further relief this Court deems just and proper under the circumstances.

**COUNT II**
**DEPRIVATION OF FREE SPEECH**

24. By reference hereto, the Plaintiff incorporates paragraphs 7 through 15 of her complaint.

25. At all material times, Plaintiff spoke publicly, as a citizen, on matters of public concern, including, but not limited to: job performance of Hruby as District Superintendent, failure to properly adhere to guidelines of the Illinois Open Meetings Act, waste or misuse of District funds, and allegations of age discrimination. Plaintiff's right to speak out freely on these and other matters of public concern is protected by the First and Fourteenth Amendments to the U.S. Constitution.

26. Upon learning that Plaintiff had spoken out or was planning to speak out on such matters of public concern, the Defendant, individually, separately, and/or jointly, engaged in actions and decisions aimed at denying Plaintiff's employment rights and protections granted to her under the law. These actions and decisions were designed to cause, and have caused, Plaintiff to suffer numerous adverse employment actions, humiliation, harm to her reputation, emotional and mental injuries, pain and suffering, and financial and other adverse consequences, for which she seeks full damages.

27. Such actions and decisions of the Defendant, individually, separately, and/or jointly, were taken in response to, in retaliation for, and in order to chill, Plaintiff's exercise of her constitutional and lawful right to speak out about matters of public concern, in violation of her rights under the First and Fourteenth Amendments of the U.S. Constitution. The grounds and reasons offered by the Defendant for the adverse actions and decisions against Plaintiff are pretextual.

28. Such actions and decisions of the Defendant, individually, separately, and/or jointly, were taken under color of law, and have deprived Plaintiff of her rights, privileges and immunities secured by the U.S. Constitution and laws in violation of 42 U.S.C. §1983. Liability and redress exist under 42 U.S.C. § 1983.

29. Such actions and decisions of the Defendant, as alleged herein, make the Defendant fully liable to the Plaintiff under 42 U.S.C. § 1983 based on the authority and actual decisions of the Defendant. In addition, such unlawful actions and decisions, as alleged herein, were based on the policymaking and final decision-making authority of the Defendant, O'Fallon Community Consolidated School District No. 90 and were based on the policy, custom, and practice of the O'Fallon Community Consolidated School District No. 90.

30. Such actions and decisions on the part of the Defendant, individually, separately, and/or jointly, as alleged herein, were done in a knowing, willful, reckless manner and in bad faith.

31. As a direct and proximate result of the Defendant's violation of 42 U.S.C. § 1983, by and through its agents, apparent agents, implied agents, servants and/or employees, the Plaintiff has suffered and will continue to suffer in the future actual damages in the form of lost wages, benefits, loss of earning capacity, loss of career opportunity, loss of seniority, cost of seeking alternative income, mental anguish, severe emotional and physical distress, anxiety, depression, humiliation and loss of enjoyment of life.

Wherefore, the Plaintiff, JUNE ISSELHARDT, prays judgment against the Defendant, O'Fallon Community Consolidated School District No. 90., in a sum reasonable and equitable and in excess of Seventy-five Thousand Dollars and 00/100 ($75,000.00), plus her attorneys' fees and costs and for any other and further relief this Court deems just and proper under the circumstances.

**COUNT III**
**ILLINOIS WHISTLEBLOWER ACT – UNLAWFUL RETALIATION**

32. By reference hereto, the Plaintiff incorporates paragraphs 7 through 17 of her complaint.

33. The District is an “employer” and Plaintiff is an “employee” within the meaning of Illinois Statute 740 ILCS 174/5.

34. Illinois Statute 740 ILCS 174/15 (b) provides that an employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

35. Illinois Statute 740 ILCS 174/20.1 provides any other act or omission not otherwise specifically set forth in this Act, whether within or without the workplace, also constitutes retaliation by an employer under this Act if the act or omission would be materially adverse to a reasonable employee and is because of the employee disclosing or attempting to disclose public corruption or wrongdoing.

36. The Defendant, individually, separately, and/or jointly, discharged, disciplined, threatened and/or otherwise discriminated against the Plaintiff in retaliation for her reporting and planning to report violations or suspected violations of state and federal laws including the Illinois Open Meetings Act and other state and federal laws, as well as constitutional and free speech protections.

37. As a direct and proximate result of the conduct of the Defendant, Plaintiff has suffered loss of income, mental anguish and emotional distress, humiliation, loss of reputation and other damages.

38. As a direct and proximate result of the Defendant’s violation of 740 ILCS 174/1, et seq., by and through its agents, apparent agents, implied agents, servants and/or employees, the Plaintiff has suffered and will continue to suffer in the future actual damages in the form of lost wages, benefits, loss of earning capacity, loss of career opportunity, loss of seniority, cost of

seeking alternative income, mental anguish, severe emotional and physical distress, anxiety, depression, humiliation and loss of enjoyment of life.

Wherefore, the Plaintiff, JUNE ISSELHARDT, prays judgment against the Defendant, O'Fallon Community Consolidated School District No. 90., in a sum reasonable and equitable and in excess of Seventy-five Thousand Dollars and 00/100 ($75,000.00), plus her costs, expert witness fees, disbursements and reasonable attorneys' fees incurred herein pursuant to 740 ILCS 174/30 and for further relief this Court deems just and proper under the circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff June Isselhardt prays for judgment against the Defendant, as follows:

A. For an Order adjudging the practices of the Defendant complained of herein to be in violation of the rights guaranteed to the Plaintiff under Federal and Illinois State law;

B. For an award to the Plaintiff against the Defendant for all relief available under 42 U.S.C. § 1983 and the Illinois Whistleblower's Act, 740 ILCS 174/1, *et seq*., in amounts to be determined at trial, with interest on such amounts;

C. For an award of damages arising from loss of past and future income, mental anguish, severe emotional distress and other damages, all in an amount to be determined at trial;

D. For an award of punitive damages in an amount to be determined at trial;

E. For an award to the Plaintiff of his attorney's fees, disbursements, expert fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and 740 ILCS 174/30; and

F. For such other and further relief as the Court deems just.

Respectfully submitted,

WEILMUENSTER & KECK, P.C.

BY: /s/ J. Brian Manion
J. Brian Manion
No. 06283445
Thomas G. Zurliene
No. 06314349

ATTORNEYS FOR PLAINTIFFS
3201 West Main Street
Belleville, IL 62226
618/257-2222 - PHONE
618/257-2030 – FAX