IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUNE ISSELHARDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-1285-SMY-SCW |
| | ) |
| O'FALLON COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 90, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion to Dismiss Counts I and III of Plaintiff's Complaint (Doc. 11). Plaintiff filed a response (Doc. 21). For the following reasons, the motion is **GRANTED in part** and **DENIED in part.**

## **Background**

Plaintiff's Complaint sets forth the following allegations: Plaintiff June Isselhardt was an Administrative Assistant for Defendant O'Fallon Community Consolidated School District No. 90 for over 11 years. On July 1, 2015, Carrie Hruby became the Superintendent of the school district. Although Plaintiff was initially pleased with Hruby, she soon became concerned about Hruby's job performance. Plaintiff went outside the chain of command and communicated her concerns to Becky Drury, an elected school board member. Specifically, Plaintiff criticized Hruby's handling of the District's employee health insurance with the union and her involvement with a Title I grant for disadvantaged students. She also voiced concerns to John Wagnon, the school board President, regarding his possible violations of the Illinois Open Meetings Act, 5 ILCS 120/1.

1

On January 14, 2016, Hruby met with Plaintiff and confronted her with approximately 20 e-mails with dates spanning the four previous years. Hruby believed the e-mails were inappropriate and grounds for Plaintiff's termination. She told Plaintiff to hand in her resignation and instructed Plaintiff not to speak to anyone outside of her husband and lawyer regarding their conversation. The next day, Hruby sent Plaintiff a letter stating that she "directed [Plaintiff] not to speak with anyone other than [Plaintiff's] spouse or attorney, if any, about this matter. Instead, [Plaintiff] promptly contacted School Board members against [Hruby's] specific directive." The letter further advised Plaintiff that the School Board would consider her dismissal at the next meeting. Plaintiff was subsequently terminated, based on Hruby's recommendation.

## **Discussion**

Under federal pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). "Specific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015). In reviewing a complaint, the Court must accept all factual allegations as true, and must draw all reasonable inferences in Plaintiff's favor. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Defendant moves to dismiss Count I of Plaintiff's Complaint, asserting that Plaintiff failed to plead the necessary elements of her prior restraint of speech claim. Defendant further asserts that the Complaint lacks facts tending to show any actual district policy or practice permitting the alleged prior restraint of speech or that Hruby had any policymaking authority.

Threatening penalties for speech is considered retaliation and "prior restraint" – prior restraint is the quintessential First Amendment violation. *See Fairley v. Andrews*, 578 F.3d 518, 525 (7th Cir. 2009). To state a First Amendment retaliation claim, a plaintiff need only plead that she engaged in constitutionally protected behavior and that her behavior was a substantial or motivating factor in the defendant's adverse treatment of her. *Valentino v. Vill. of S. Chicago Heights,* 575 F.3d 664, 671 (7th Cir. 2009); *Rasche v. Vill. of Beecher*, 336 F.3d 588, 596–97 (7th Cir. 2003).

Here, Plaintiff's First Amendment retaliation claims, as pled, survive dismissal at this stage. She alleges that Defendant, through Hruby, issued a broad and indefinite prohibition on her free speech rights after discovering that she was speaking to school board members regarding matters of public concern. Plaintiff further alleges that the actions of Defendant were retaliatory and designed to chill Plaintiff's exercise of her constitutional and lawful rights to speak out about matters of public concern. She also asserts that the exercise of her free speech rights led to her termination. At the pleading stage, nothing more is required.

The federal rules require only that the complaint state a colorable claim. *See, Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff does not have to *prove* the elements of a *prima facie* case on the face of the Complaint in order to state a claim and survive Rule 12(b)(6) dismissal. Accordingly, Defendant's motion is denied as to Count I of Plaintiff's Complaint.

Defendant also moves to dismiss Plaintiff's claim under the Illinois Whistleblower Act (Count III). Defendant contends that Plaintiff's claim fails because she has not pled that she properly exposed or disclosed any alleged wrongdoing to a government or law enforcement agency. Plaintiff failed to respond to Defendant's motion to dismiss as it relates to Count III. The Court may in its discretion construe a party's failure to file a response as an admission of the

merits of the motion. Given the Plaintiff's detailed response to the motion with respect to Count I, the Court will do so in this case. *See* Local Rule 7.1(c) (stating a failure to respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results."). Accordingly, Defendant's motion is granted as to Count III and it will be dismissed without prejudice.

**IT IS SO ORDERED.**

**DATED: June 16, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**